IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00324-EWN-MJW

MARGARET L. YATES, et al.,

Plaintiffs,

v.

PORTOFINO EQUITY & MANAGEMENT COMPANY, LLC, et al.,

Defendants.

---

**RECOMMENDATIONS REGARDING**:

**(1) DEFENDANT PORTOFINO REAL ESTATE PROPERTIES COMPANY, LLC'S ("PREPCO") MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST PORTOFINO REAL ESTATE PROPERTIES COMPANY, LLC (DOCKET NO. 41);**

**(2) DEFENDANT RONALD A. TAPP'S MOTION TO SET ASIDE ENTRY OF DEFAULT (DOCKET NO. 56);**

**(3) DEFENDANTS PORTOFINO EQUITY & MANAGEMENT COMPANY, LLC, THE PORTOFINO CLUB, LLC, ROCKS AZ 1, LLC, SUN RIVER 1, LLC, AND SIGNATURE DESTINATIONS CLUB, LLC'S JOINDER IN DEFENDANT RONALD TAPP'S MOTION TO SET ASIDE ENTRY OF DEFAULT (DOCKET NO. 59);**

**(4) PLAINTIFFS' MOTION TO STRIKE UNTIMELY POST-DEFAULT ANSWERS OF ALL DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(F)(2) (DOCKET NO. 43); and**

**(5) PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO ALL DEFENDANTS (DOCKET NO. 22)**

and

**ORDERS REGARDING:**

**(1) DEFENDANTS PORTOFINO EQUITY & MANAGEMENT COMPANY, LLC, THE PORTOFINO CLUB, LLC, ROCKS AZ 1, LLC, SUN RIVER 1, LLC, AND SIGNATURE DESTINATIONS CLUB, LLC'S JOINDER IN DEFENDANT RONALD TAPP'S RESPONSE TO PLAINTIFFS' MOTION STRIKE ANSWER (DOCKET NO. 60); and**

**(2) DEFENDANTS PORTOFINO EQUITY & MANAGEMENT COMPANY, LLC, THE PORTOFINO CLUB, LLC, ROCKS AZ 1, LLC, SUN RIVER 1, LLC, AND SIGNATURE DESTINATIONS CLUB, LLC'S MOTION TO RESERVE RULING ON PLAINTIFFS' MOTION TO STRIKE ANSWER (DOCKET NO. 61)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on: (1) Defendant Portofino Real Estate Properties Company, LLC's ("PREPCO") Motion to Set Aside Entry of Default Against Portofino Real Estate Properties Company, LLC (docket no. 41); (2) Defendant Ronald A. Tapp's Motion to Set Aside Entry of Default (docket no. 56); (3) Defendants Portofino Equity & Management Company, LLC, The Portofino Club, LLC, Rocks AZ 1, LLC, Sun River I, LLC, and Signature Destinations Club, LLC's Joinder in Defendant Ronald Tapp's Motion to Set Aside Entry of Default (docket no. 59); (4) Plaintiffs' Motion to Strike Untimely Post-Default Answers of All Defendants Pursuant to Fed. R. Civ. P. 12(f)(2) (docket no. 43); (5) Plaintiffs' Motion for Default Judgment as to All Defendants (docket no. 22);(6) Defendants Portofino Equity & Management Company, LLC, The Portofino Club, LLC, Rocks Az 1, LLC, Sun River 1, LLC, and Signatures Destinations Club, LLC's Joinder in Defendant Ronald Tapp's Response to Plaintiffs' Motion to Strike Answer (docket no. 60); and (7) Defendants Portofino Equity & Management Company, LLC, The Portofino Club, LLC, Rocks Az 1, LLC, Sun River 1, LLC, and Signatures Destinations Club, LLC's Motion to Reserve Ruling on Plaintiffs' Motion to Strike Answer (docket no. 61).

The court has considered each of the above-mentioned motions and the responses, replies, and supplemental responses thereto. In addition, the court has

taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the motions now before this court;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on March 14, 2008, the Clerk of Court entered default against Defendants Portofino Equity & Management Company, LLC, The Portofino Club LLC, Rocks Arizona, LLC, and Sun River I, LLC (docket no. 16);

5. That on March 17, 2008, the Clerk of Court entered default against Defendants Signature Destinations Club, LLC, and Ronald A. Tapp, individually (docket nos. 19 and 20);

6. That on May 2, 2008, Defendants Portofino Equity & Management Company, LLC, The Portofino Club LLC, Rocks Arizona, LLC, and Sun River I, LLC , Signature Destinations Club, LLC and Ronald A. Tapp, individually filed an Answer to the Complaint (docket nos. 32 and 33);

7. That on May 9, 2008, Plaintiffs filed a Motion to Strike the Answers in light of the Clerk's default against all Defendants (docket no. 43).

See paragraphs 4 and 5 above;

8. That on May 20, 2008, all Defendants filed a Joint Motion to Dismiss for lack of subject matter jurisdiction on the basis that there is no diversity between all of the Plaintiffs and Defendants (docket no. 53);

9. That Defendant Portofino Equity & Management Company, LLC ("PEMCO"), whose alleged status as a citizen of Washington forms the exclusive basis for the claim that diversity jurisdiction is lacking, is now the subject of an Involuntary Petition in Bankruptcy in the United States Bankruptcy Court for the District of Colorado, Case No. 08-17281-ABC, filed on May 28, 2008, and all actions against it are automatically stayed pursuant to 11 U.S.C. § 362(a). See Suggestion of Bankruptcy Re: Portofino Equity & Management Company, LLC (docket no. 70). However, the automatic stay relates to PEMCO only and does not prohibit the prosecution of this action against the Co-Defendants. Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2nd Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.");

10. That a default judgment has not been entered against any of the Defendants pursuant to Fed. R. Civ. P. 55(b)(1) or (2);

11. Rule 55(c) of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default **for good cause** . . . ."

(Emphasis added).  This "good cause" standard is a lesser standard than the "excusable neglect" standard for setting aside a default judgment.  Dennis Garberg & Assocs., Inc., v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.3 (10th Cir. 1997).  Moreover, the factors to be considered by the court are to be liberally applied in favor of setting aside the entry of default to allow a determination on the merits.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2nd Cir. 1993); Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).  The court may consider any relevant factors in determining the existence of **"good cause,"** but the primary factors normally deemed relevant are: (1) whether the default resulted from culpable conduct by the party defaulted; (2) whether the party seeking default would be prejudiced if the default is set aside; and (3) whether the party defaulted has a meritorious defense.  Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995);

12. Here, the court finds that the Defendant Ronald A. Tapp, **who was representing himself pro se** at the April 29, 2008, hearing before Magistrate Judge Watanabe, told the court that he had received the Plaintiffs' summons and complaint but failed to notify PREPCO's managers because Mr. Tapp did not notice that PREPCO was a listed Defendant.  Thus, PREPCO did not act culpably in failing to

timely file its Answer. Moreover, the court finds that Mr. Tapp as the registered agent for Defendants Portofino Equity & Management Company, LLC, The Portofino Club, LLC, Rocks AZ, LLC, Sun River I, LLC and Signature Destinations Club, LLC ("collectively "Entity Defendants) did not provide representatives of these Entity Defendants with timely notice of the summons and complaint and, therefore, the Entity Defendants did not act culpably in failing to respond timely to the summons and complaint. In addition, the court finds that Plaintiffs will not be prejudiced by setting aside the Clerk's defaults since this case is still in the discovery stage, many of the Defendants have filed answers (docket nos. 32, 33, and 38), and there is a dispositive motion pending before Chief Judge Edward W. Nottingham in the form of a motion to dismiss, and joinder of such motion to dismiss (docket nos. 52 and 53). Furthermore, Defendants have established meritorious defenses as reflected in the Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction, the joinder in such motion to dismiss (docket nos. 52 and 53), and the Answers (docket nos. 32, 33, and 38); and,

13. That the interest of justice requires that this case be decided on its merits.

**RECOMMENDATIONS AND ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the Court **RECOMMENDS:**

1. That Defendant Portofino Real Estate Properties Company, LLC's Motion to Set Aside Entry of Default Against Portofino Real Estate Properties Company, LLC (docket no. 41) be **GRANTED**;

2. That Defendant Ronald A. Tapp's Motion to Set Aside Entry of Default (docket no. 56) be **GRANTED;**

3. That Defendants Portofino Equity & Managment Company, LLC,The Portofino Club, LLC, Rocks AZ 1, LLC, Sun River I, LLC, and Signature Destinations Club, LLC's Joinder in Defendant Ronald Tapp's Motion to Set Aside Entry of Default (docket no. 59) be **GRANTED**;

4. That the Clerk of Court be directed to **VACATE** the Clerk's Defaults (docket nos. 16, 19 and 20) against all Defendants;

5. That the Answers filed by Defendants Portofino Equity & Management Company LLC, The Portofino Club, LLC, Rocks AZ 1, LLC, Sun River I, LLC, Signature Destinations Club, LLC, and Ronald A. Tapp filed on May 2, 2008 (docket nos. 32 and 33) be accepted for filing;

6. That the Answer filed by Defendant Portofino Real Estate Properties Company, LLC (docket no. 38) was accepted for filing by this court as of May 5, 2008;

7. That Plaintiffs' Motion to Strike Untimely Post-Default Answers of All Defendants Pursuant to Fed. R. Civ. P. 12(f)(2) (docket no. 43) be

**DENIED**;

8. That Plaintiffs' Motion for Default Judgment as to All Defendants (docket no. 22) be **DENIED**; and

9. That each party pay will its own attorney fees and costs for these motions.

It is further **ORDERED**:

1. That Defendants Portofino Equity & Management Company, LLC, The Portofino Club, LLC, Rocks Az 1, LLC, Sun River 1, LLC, and Signatures Destinations Club, LLC's Joinder in Defendant Ronald Tapp's Response to Plaintiffs' Motion to Strike Answers (docket no. 60) is **GRANTED**;

2. That Defendants Portofino Equity & Management Company, LLC, The Portofino Club, LLC, Rocks Az 1, LLC, Sun River 1, LLC, and Signatures Destinations Club, LLC's Motion to Reserve Ruling on Plaintiffs' Motion to Strike Answer (docket no. 61) is **DENIED;**

3. That this case is **STAYED** against Defendant Portofino Equity & Management Company, LLC, ("PEMCO") **ONLY** pursuant to 11 U.S.C. § 362(a) that has been entered by the United States Bankruptcy Court for the District of Colorado in Case No. 08-17281-ABC; and

4. That each party pay will its own attorney fees and costs for these motions.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive,**

**or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 18TH day of June 2008.

BY THE COURT

s/ Michael J. Watanabe _____
Michael J. Watanabe
U.S. Magistrate Judge