IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-00324-PAB-MJW

MARGARET L. YATES, et al.,

    Plaintiffs,

v.

PORTOFINO EQUITY & MANAGEMENT COMPANY, LLC, et al.,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on two related motions. On May 19, 2008, defendants Portofino Equity & Management Company, LLC ("PEMCO"), The Portofino Club, LLC ("Portofino Club"), Rocks AZ 1, LLC ("Rocks AZ1"), Sun River I, LLC ("Sun River"), and Signature Destinations Club, LLC ("Signature Destinations") moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction [Docket No. 52]. The next day, Defendant Portofino Real Estate Properties Company, LLC ("PREPCO") joined in that motion to dismiss [Docket No. 53]. On December 5, 2008, pursuant to stipulation among counsel, the Court set a hearing on the joint motion to dismiss for February 27, 2009. On February 6, 2009, plaintiffs filed a motion to dismiss PEMCO and Signature Destinations under Federal Rule of Civil Procedure 21 and to vacate the February 27, 2009 hearing [Docket No. 141]. If granted, plaintiffs' motion would moot the defendants' joint motion to dismiss. I now resolve these two motions.[1] For the

---

[1] The defendants joint motion to dismiss is fully briefed. Although none of the defendants have responded to plaintiffs' motion under Fed. R. Civ. P. 21 as of the date of this Order, I find that, given the pending February 27, 2009 hearing date, it is

reasons detailed below, plaintiffs' motion to dismiss parties will be granted and defendants' motion to dismiss denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Margaret L. Yates and Todd F. Maynes commenced this action against all defendants on February 15, 2008. Plaintiffs allege various state law claims seeking an accounting and recovery of certain funds paid to or handled by certain defendants incident to plaintiffs' membership in a luxury residence club. Because the substance of those claims is not now at issue, a recitation of the alleged facts that do not bear on the Court's jurisdiction is not necessary.

Ms. Yates is a citizen of the State of Washington and Mr. Maynes is a citizen of Illinois. Compl. ¶¶ 1-2. The Complaint alleges that defendants PEMCO, PREPCO, Portofino Club, Rocks AZ 1, and Sun River are Colorado limited liability companies with their principal places of business in Colorado, while Signature Destinations is a Washington limited liability company with its principal place of business in Colorado. *Id.* ¶¶ 3-8. The Complaint further alleges that Defendant Ronald Tapp is a citizen of Colorado who serves as the registered agent for PEMCO, PREPCO, Portofino Club, Rocks AZ 1, and Sun River, and serves as the manager of PEMCO and Signature Destinations. *Id.* ¶¶ 3, 8-9. Plaintiffs also allege, on information and belief, that all

---

nonetheless appropriate to resolve plaintiffs' motion at this time. Under D.C.COLO.LCivR 7.1(C), the Court may rule on a motion at any time after it is filed. My present consideration of plaintiffs' motion is further supported in this instance because it is likely that no response from the defendants directly affected thereby – PEMCO and Signature Destinations – is forthcoming. These corporate defendants are presently unrepresented in this matter, in violation of D.C.COLO.LCivR 83.3(D) and Magistrate Judge Watanabe's June 30, 2008 Order [Docket No. 83].

members of the limited liability company defendants are citizens of Colorado. *Id.* ¶¶ 3-8. Plaintiffs allege that the parties to this action are diverse and that federal jurisdiction is proper under 28 U.S.C. § 1332. *Id.* ¶ 10.

Defendants' joint motion to dismiss challenges the validity of plaintiffs' allegations as to the state citizenship of the members of PEMCO and/or Signature Destinations. In particular, defendants contend that certain members of PEMCO – which, defendants assert, acquired Signature Destinations via an August 29, 2006 merger – are citizens of Washington State. Defs.' Mot. to Dismiss at 3.

On June 30, 2008, the Court granted plaintiffs' motion under Federal Rule of Civil Procedure 26(d)(1), allowing the parties, except for PEMCO, to conduct limited discovery in connection with the jurisdiction issue. [*See* Docket No. 88]. PEMCO was excluded from taking or giving discovery pursuant to an automatic bankruptcy stay under 11 U.S.C. § 362(a) occasioned by a bankruptcy proceeding against PEMCO in the United States Bankruptcy Court for the District of Colorado, Case No. 08-17281-ABC. [*See id.*; Docket No. 70 (Suggestion of Bankruptcy Re: Portofino Equity & Management Company, LLC)]. Following this limited discovery, plaintiffs and defendants PREPCO and Tapp completed briefing the joint motion to dismiss, with plaintiffs' response on September 19, 2008 [Docket No. 99], and PREPCO's [Docket No. 100] and Tapp's [Docket No. 101] replies on September 30, 2008. The other defendants did not submit replies in support of the motion to dismiss and, since the Court's June 30, 2008 Order granting a motion to withdraw as counsel [Docket No. 83], have been unrepresented in this action.

Because plaintiffs' requested relief in their motion to dismiss would remove any

allegedly nondiverse parties from this action and thereby obviate the need to inquire into the contested jurisdictional facts, I consider that motion first.

## II. ANALYSIS

### A. Plaintiffs' Motion to Dismiss Under Fed. R. Civ. P. 21

Rule 21 of the Federal Rules of Civil Procedure provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "[I]t is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction] . . . ." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.2d 1365, 1371 (10th Cir. 1998) (alterations in original) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)). Dismissal of parties under Rule 21 "on just terms" is committed to the sound discretion of this Court. *Id.* In the exercise of this discretion, the Court must consider whether the party to be dismissed under Rule 21 is an indispensable party within the meaning of Federal Rule of Civil Procedure 19. *Id.*

As the above authorities make clear, it is within this Court's power and discretion to dismiss PEMCO and Signature Destinations from this action as a means to ensure that the complete diversity requirement of 28 U.S.C. § 1332 is satisfied. The question before the Court, then, is whether these two defendants are indispensable under Rule 19. A long line of precedent holds that joint tortfeasors are not indispensable under Rule 19 – a plaintiff may generally choose whether to sue all joint tortfeasors collectively or pursue claims against any one of them. *See, e.g., Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for

4

all joint tortfeasors to be named as defendants in a single lawsuit."); *Woodco v. Lindahl*, 380 P.2d 234, 238 (Colo. 1963) ("It is well established that where two persons commit a wrong and only one is sued, the wrongdoer who is sued can not complain because the other wrongdoer is not made a party to the law suit."). As the Tenth Circuit has recognized, the notes accompanying Rule 19 endorse this approach, noting that the definition under Rule 19(a) of persons to be joined "is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Fed. R. Civ. P. 19 Advisory Committee Note to the Amended Rule; *see Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1549-50 (10th Cir. 1993) (citing the quoted text for the proposition that one defendant that could not be sued due to a bankruptcy stay was not an indispensable party because it was merely a joint tortfeasor). Invoking this line of cases, plaintiffs argue that PEMCO and Signature Destinations, along with the other named defendants, are joint tortfeasors and, therefore, need not be joined in this action.

Plaintiffs assert their claims under Colorado law. Colorado has abolished the doctrine of joint and several liability for torts except in certain limited circumstances. *See* Colo. Rev. Stat. § 13-21-111.5; *Harvey v. Farmers Ins. Exchange*, 983 P.2d 34, 37 (Colo. App. 1998). Nonetheless, even assuming Colorado's system of comparative fault applies in this case, I discern no reason to stray from the general rule that joint tortfeasors are permissive parties and need not be joined in one action under Rule 19. That two defendants are "joint tortfeasors" does not imply that they must be liable under a doctrine of joint and several liability. *See Watters v. Pelican Int'l, Inc.*, 706 F. Supp.

5

1452, 1455-56 (D. Colo. 1989) ("[Colorado's comparative fault] statute does not abolish the legal principle that two or more parties may concurrently cause one injury to a plaintiff. The statute simply provides a mechanism by which one party may avoid compensating a victim for the portion of that injury attributable to the concurring acts of another tortfeasor.") (citations omitted); Black's Law Dictionary 1527 (8th Ed. 1999) (defining "joint tortfeasors" as "[t]wo or more tortfeasors who contributed to the claimant's injury and who may be joined as defendants in the same lawsuit."). Additionally, a corporation and its agents may both be liable for concurrent torts. *See Hoang v. Arbess*, 80 P.3d 863, 867 (Colo. App. 2003).

Turning to the complaint, I find that plaintiffs allege claims against PEMCO and Signature Destinations in their capacities as joint tortfeasors. Accordingly, under the general rule that joint tortfeasors need not be joined in the same action, PEMCO and Signature Destinations are not indispensable parties.

This conclusion is further supported by a review of the factors listed in Rule 19(b) for determining whether a party is indispensable. Those factors include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Due to the pending bankruptcy action, PEMCO is presently insulated from any order or judgment issued in this case. In their answers, none of the defendants have alleged cross-claims against PEMCO or Signature Destinations or otherwise implicated those entities as being derivatively liable. [*See* Docket Nos. 32, 33,

38]. And the defendants other than PEMCO and Signature Destinations may also be able to invoke the provisions of Colorado's comparative fault statute if appropriate at a later stage of this proceeding. Thus, it does not appear that a judgment rendered in the absence of PEMCO and Signature Destinations would significantly prejudice those entities or the other defendants. As to the other factors, plaintiffs indicate that they are prepared to proceed without PEMCO and Signature Destinations and acknowledge that they are unlikely to recover anything from these defendants given that the bankruptcy action against PEMCO is a "no asset" case. *See* Aff. of Eric M. James attached to Pls.' Mot. to Dismiss [Docket No. 141-1]. The last factor is inapplicable because no existing parties have moved for dismissal of this action on grounds of nonjoinder. I therefore conclude that PEMCO and Signature Destinations are not indispensable parties under Federal Rule of Civil Procedure 19.

Because neither PEMCO nor Signature Destinations is an indispensable party to this action, it is an appropriate exercise of the Court's discretion under Federal Rule of Civil Procedure 21 to grant plaintiffs' motion to dismiss them as parties to this action.

B.  Defendants' Joint Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

As discussed above, defendants collectively moved to dismiss plaintiffs' complaint on the basis that certain limited liability company members of PEMCO and/or Signature Destinations reside in Washington, which is also Ms. Yates' state of residence. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Because the Court grants plaintiffs' motion to dismiss PEMCO and Signature Destinations from this lawsuit and none of the defendants have contested the

diversity of citizenship or amount in controversy requirements of 28 U.S.C. § 1332 as to the remaining parties, defendants' joint motion to dismiss must be denied as moot.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs' motion to dismiss defendants Portofino Equity & Management Club, LLC and Signature Destinations Club, LLC [Docket No. 141] is GRANTED. It is further

**ORDERED** that Portofino Equity & Management Club, LLC and Signature Destinations Club, LLC, and all claims of plaintiffs against these defendants, are dismissed without prejudice. All future pleadings and papers filed in this case shall omit Portofino Equity & Management Club, LLC and Signature Destinations Club, LLC from the case caption. It is further

**ORDERED** that defendants' joint motion to dismiss [Docket Nos. 52, 53] is DENIED as moot. It is further

**ORDERED** that the hearing on defendants' joint motion to dismiss set for 9:00 a.m. on February 27, 2009 is VACATED.

DATED February 19, 2009.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge