IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-00324-PAB-MJW

MARGARET L. YATES, et al.,

    Plaintiffs,

v.

PORTOFINO EQUITY & MANAGEMENT COMPANY, LLC, et al.,

    Defendants.

_____

**ORDER ACCEPTING IN PART AND MODIFYING IN PART THE
RECOMMENDATIONS OF THE MAGISTRATE JUDGE**
_____

    The matters before me are: (1) Motion to Set Aside Entry of Default Against Portofino Real Estate Properties Company, LLC [Docket No. 41]; (2) defendant Ronald A. Tapp's Motion to Set Aside Entry of Default [Docket No. 56]; (3) Joinder in Defendant Ronald Tapp's Motion to Set Aside Entry of Default [Docket No. 59]; (4) plaintiffs' Motion to Strike Untimely Post-Default Answers of All Defendants Pursuant to Fed. R. Civ. P. 12(f)(2) [Docket No. 43]; and (5) plaintiffs' Motion for Default Judgment as to All Defendants [Docket No. 22]. Pursuant to a general order of reference dated February 20, 2008 [Docket No. 2] and a special order of reference dated April 2, 2008 [Docket No. 23], the above-referenced motions were referred to the assigned Magistrate Judge to submit recommendations. On June 18, 2008, Magistrate Judge Michael J. Watanabe issued a carefully reasoned Recommendation regarding these motions ("the Recommendation") [Docket No. 80] recommending, among other things, that defendants' motions to set aside entries of default (and joinder therein) [Docket Nos.

41, 56, and 59] be granted, that plaintiffs' motion to strike untimely answers [Docket No. 43] be denied, and that plaintiffs' motion for default judgment [Docket No. 22] be denied.

Plaintiffs filed objections to the Recommendation on July 3, 2008 [Docket No. 90]. Defendant Tapp filed a response to plaintiffs' objections on July 18, 2008 [Docket No. 94], incorporating the arguments raised in his motion to set aside entry of default [Docket No. 56]. None of the other defendants filed a response to plaintiffs' objections to the Recommendation. Where a party files timely objections to the recommendation of a magistrate judge, the Court reviews the objected-to portion of the recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to each part of the Recommendation.

## I.  ANALYSIS

The central issue covered by the Recommendation is whether defendants' defaults for failure to timely respond to plaintiffs' Complaint should be vacated. I therefore begin by reviewing the legal standards applicable to a motion to set aside an entry of default. The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Id.*; *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the defendants' culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entries

of default; and (3) whether the defendants have a meritorious defense. *Hunt v. Ford Motor Co.*, 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995) (unpublished opinion) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each of these three factors and may consider other factors in its discretion. *Id.* Guiding the Court's analysis is the time honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is, however, within this Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice and expediency. *Gomes*, 420 F.2d at 1366.

On March 14, 2008, the Clerk of Court entered default against defendants Portofino Real Estate Properties Company, LLC ("PREPCO"); the Portofino Club, LLC; Rocks AZ 1, LLC; Sun River I, LLC; and former defendant Portofino Equity & Management Company, LLC ("PEMCO") [Docket No. 16]. Three days later, the Clerk of Court entered default against former defendant Signature Destinations Club, LLC and defendant Ronald A. Tapp [Docket Nos. 19, 20]. Plaintiffs moved for default judgment against all defendants on March 28, 2008 [Docket No. 22]. Subsequently, the defendants (and two former defendants) filed Answers on May 2, 2008 (PEMCO, Portofino Club, LLC; Rocks AZ 1, LLC; Sun River I, LLC; Signature Destinations Club, LLC; and Mr. Tapp) [Docket Nos. 32, 33] and May 5, 2008 (PEMCO) [Docket No. 38]. After filing their Answers, the defendants moved to set aside the entries of default

against them.

Since Magistrate Judge Watanabe issued the Recommendation, a number of circumstances pertinent to the issues addressed therein have changed.  First, plaintiffs moved to dismiss PEMCO and Signature Destinations Club, LLC from this action in an effort to preserve diversity jurisdiction under 28 U.S.C. § 1332 [Docket No. 141].  The Court granted that motion to dismiss, thereby removing those entities as defendants [Docket No. 142].  Second, despite the withdrawal of their counsel, certain of the entity defendants have failed to obtain replacement counsel.  Specifically, on June 30, 2008, Magistrate Judge Watanabe issued an Order granting the motion to withdraw of the attorneys for defendants The Portofino Club, LLC; Rocks AZ 1, LLC; Sun River I, LLC; and former defendants PEMCO and Signature Destinations Club, LLC [Docket No. 86].  That Order specifically advised the parties thereto that they "shall forthwith retain new legal counsel or be subject to default."  Nonetheless, none of the remaining entity defendants subject to the June 30, 2008 Order have retained new counsel and all mail directed to them since that date has been returned as undeliverable.

After careful review of the Recommendation and the motions it addresses, I conclude that the Recommendation should be accepted as to defendants PREPCO and Mr. Tapp, and modified as to the remaining defendants.  With respect to PREPCO, the failure to timely answer cannot be considered culpable because Mr. Tapp failed to inform PREPCO of his receipt of the Complaint, despite serving as PREPCO's registered agent.  The Tenth Circuit has held that a default that results from inadvertence cannot be considered culpable conduct.  *United States v. Timbers Preserve, Routt County, Colorado*, 999 F.2d 452, 454 (10th Cir.1993).  Because

PREPCO's initial default was inadvertent and it has since participated through counsel in this action, its motion to vacate the default against it will be granted and its Answer allowed.

As to Mr. Tapp, the Court likewise finds his conduct was not culpable. A review of Mr. Tapp's testimony from the hearing on plaintiffs' motion for default judgment shows that Mr. Tapp engaged in discussions *pro se* with opposing counsel that led him to believe that his response to plaintiffs' Complaint was not necessary before the Scheduling Conference in this matter took place. Whether that belief was reasonable can be questioned, but Mr. Tapp did acquire legal counsel following the April 29, 2008 hearing and made diligent efforts to participate in the litigation since that time (although the Court permitted Mr. Tapp's counsel to withdraw as of April 9, 2009). Given the leniency due *pro se* litigants, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and the policy that claims should be determined on their merits, rather than by default, *see Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999), I find the Recommendation well supported with regard to defendant Tapp.

However, the Recommendation must be modified as it concerns The Portofino Club, LLC, Rocks AZ 1, LLC, and Sun River I, LLC. In *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006), the Tenth Circuit stated that "[i]t has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court." This rule applies not only to corporations but also to other types of legal entities. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (stating that courts have

uniformly held that "28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"). Although the foregoing defendants are limited liability companies, I find no reason to stray from the rule in this instance. Federal Rule of Civil Procedure 55(a) provides that default must enter against parties who fail "to plead *or otherwise defend*." (emphasis added). The Court concludes that the entries of default against The Portofino Club, LLC; Rocks AZ 1, LLC; and Sun River I, LLC should not be vacated in light of their failure to appear by counsel and defend this action since June 2008.

However, since plaintiffs' moved for a default judgment, The Portofino Club, LLC; Rocks AZ 1, LLC; and Sun River I, LLC participated in this action by obtaining counsel and filing and answer and a joint motion to dismiss. This partial participation through June 2008 alters the factual posture of plaintiffs' motion for default judgment. Moreover, plaintiffs' motion for default judgment seeks the entry of a significant monetary judgment against all defendants jointly and severally. Colorado has abolished joint and several liability except in cases where the plaintiff proves that two or more defendants conspired to harm the plaintiff. *See Slack v. Farmers Ins. Exchange*, 5 P.3d 280, 286 (Colo. 2000) ("The General Assembly abolished joint and several liability in Colorado to reduce unfair burdens placed on defendants.") (internal quotation marks omitted); Colo. Rev. Stat. § 13-21-111.5(4) ("Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act."). Entry of a default judgment jointly and severally against the defaulted defendants when active defendants remain in the case would be

improper.  Plaintiffs have not offered any authority to the contrary.  For these reasons, I find that plaintiffs must file a new motion for default judgment against those parties in default if they deem it appropriate.

## II.  CONCLUSION

For the foregoing reasons, Magistrate Judge Watanabe's Recommendation [Docket No. 80] is accepted in part and modified part, and it is

**ORDERED** that defendant Portofino Real Estate Properties Company, LLC's Motion to Set Aside Entry of Default Against Portofino Real Estate Properties Company, LLC [Docket No. 41] is GRANTED.  It is further

**ORDERED** that Defendant Ronald A. Tapp's Motion to Set Aside Entry of Default [Docket No. 56] is GRANTED.  It is further

**ORDERED** that defendants The Portofino Club, LLC; Rocks AZ 1, LLC; and Sun River I, LLC's Joinder in Defendant Ronald Tapp's Motion to Set Aside Entry of Default [Docket no. 59] is DENIED.  It is further

**ORDERED** that the Clerk of Court is directed to VACATE the Clerk's Defaults [Docket Nos. 16, 20] against defendants Ronald A. Tapp and Portofino Real Estate Properties Company, LLC.  It is further

**ORDERED** that the Answer filed by Ronald A. Tapp filed on May 2, 2008 [Docket No. 33] is accepted for filing as of May 2, 2008.  It is further

**ORDERED** that the Answer filed by Portofino Real Estate Properties Company, LLC on May 2, 2008 [Docket No. 38] is accepted for filing as of May 5, 2008.  It is further

**ORDERED** that plaintiffs' Motion to Strike Untimely Post-Default Answers of All Defendants Pursuant to Fed. R. Civ. P. 12(f)(2) [Docket No. 43] is DENIED. It is further

**ORDERED** that plaintiffs' Motion for Default Judgment as to All Defendants [Docket No. 22] is DENIED. It is further

**ORDERED** that each party pay will its own attorney fees and costs for these motions.

DATED August 17, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge