IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-00324-PAB-MJW

MARGARET L. YATES, et al.,

Plaintiffs,

v.

PORTOFINO REAL ESTATE PROPERTIES COMPANY, LLC, et al.,

Defendants.

_____

**ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND**
_____

This matter is before the Court on defendant Portofino Real Estate Properties

Company, LLC's ("PREPCO") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

[Docket No. 148].  The motion is fully briefed and ripe for review.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Margaret L. Yates and Todd F. Maynes filed this lawsuit on February

15, 2008.  Plaintiffs seek to redress alleged misrepresentations and theft by individual

defendant Ronald A. Tapp and a number of entities with which he is allegedly affiliated

in connection with plaintiffs' membership in a luxury residence club.  Plaintiffs allege

that in 2005 they both became members of Signature Destinations, a former defendant

in this action.  Ms. Yates and Mr. Maynes claim to have each paid a membership

deposit and yearly dues in exchange for the opportunity to use luxury residences in

various vacation destinations for certain amounts of time each year.  After they made

these initial payments, plaintiffs allege that Signature Destinations merged with

Portofino Equity Management Company, LLC ("PEMCO"), an entity controlled by Mr.

Tapp.  Plaintiffs claim that Mr. Tapp later convinced them to pay additional membership deposits, but that Mr. Tapp never invested these proceeds for the purpose of purchasing luxury residences as he said he would.  According to plaintiffs, PREPCO was one of a number of limited liability companies controlled by Mr. Tapp that Mr. Tapp used in a shell game that ultimately resulted in Mr. Tapp spending all of plaintiffs' deposits and fees, without plaintiffs receiving any interest in property or other benefit.

PREPCO filed its motion to dismiss on March 18, 2009, claiming that plaintiffs' claims against it sound in fraud but fall short of the particularity requirement of Federal Rule of Civil Procedure 9(b).  I address additional allegations of the Complaint [Docket No. 1] as relevant to my analysis below.

## II.  ANALYSIS

### A.  Standard of Review

Pursuant to Rule 12(b)(6), dismissal of a claim for relief is appropriate where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).  In testing the legal sufficiency of the complaint, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Under Rule 12(b)(6), the Court need not accept conclusory allegations as true.

*Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).  Rather, to survive dismissal pursuant to Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"  *TON Servs., Inc. v. Qwest Corp.*,493 F.3d 1225, 1236 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S.Ct. 1955, 1974 (2007)).  The plausibility standard articulated by the Supreme Court in *Twombly* did not, however, displace Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Erikson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curium).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Id.* (quoting *Twombly*, 127 S.Ct. at 1964).

### B.  Sufficiency of the Complaint

PREPCO moves for dismissal of plaintiffs' complaint on the grounds that each of the claims asserted against PREPCO sound in fraud but fail to comply with the mandate of Federal Rule of Civil Procedure 9(b) that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." PREPCO specifically challenges plaintiffs' practice of alleging that certain representations were made, or actions taken, by "Defendants."  In support, PREPCO cites *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), wherein the Tenth Circuit stated that "this court requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  PREPCO submits that plaintiffs

consistently refer to "Defendants" or "representatives" of certain entities as having made false representations or otherwise deceiving Ms. Yates and Mr. Maynes instead of identifying who specifically made the representation or acted fraudulently.

In response, plaintiffs argue that pleading that Mr. Tapp was a "manager" of PREPCO absolves any perceived deficiencies under Rule 9(b) because his actions are attributable to PREPCO as well as Mr. Tapp individually.  Plaintiffs highlight the following allegations.  In an August 25, 2006 email, Portofino Destinations Club sent plaintiffs certain "membership upgrade documents," including an "equity offering from PREPCO."  Compl. ¶ 24.  On August 27, 2007, Mr. Tapp told plaintiffs by email that he intended to use plaintiffs' membership deposits to "move a property called 'The Rocks' into PREPCO."  *Id.* ¶ 59.  Ms. Yates then demanded that Mr. Tapp send her documents revealing the nature of PREPCO, which she assumed was an LLC set up for the purpose of purchasing property for its members.  *Id.* ¶ 62.  After a series of phone and email exchanges and attempted correspondences with Mr. Tapp, Mr. Maynes confronted him directly in October 2007, at which time Mr. Tapp confessed that he had neither secured nor placed in escrow Mr. Maynes' membership deposit and instead had used it to pay off debts.  *Id.* ¶ 71.  Plaintiffs contend that these allegations, among others, showing allegedly fraudulent conduct by Mr. Tapp that either directly or indirectly implicates PREPCO suffices under Rule 9(b) because Mr. Tapp was at all relevant times an agent or manager of PREPCO.  Plaintiffs rely on the Colorado Limited Liability Company Act, Colo. Rev. Stat. § 7-80-405(b), for the proposition that "an act of a manager . . . binds the limited liability company, unless the manager had no authority to act for the limited liability company in the particular matter and the person with whom

the manager was dealing had notice that the manager lacked authority."

Upon review the parties' arguments, points, and authorities, the Court concludes that plaintiffs' Complaint does not satisfy Rule 9(b) with respect to PREPCO.  First, plaintiffs argument in their response brief oversells the allegations in the Complaint with respect to Mr. Tapp's and PEMCO's status as a "manager" of PREPCO.  In fact, plaintiffs alleged that Mr. Tapp is a "registered agent" for PREPCO and that "PREPCO has an affiliation with and is controlled by Tapp and Portofino Destinations Club." Compl. ¶¶ 4, 81.  While plaintiffs may have intended to allege that Mr. Tapp (or PEMCO) was indeed a "manager" of PREPCO, they did not do so.  Moreover, plaintiffs' allegations referencing representations of Mr. Tapp or PEMCO (which plaintiffs refer to as "the Portofino Destinations Club") that bear on PREPCO do not explicitly allege that either Mr. Tapp or PEMCO were acting on behalf of PREPCO.  If plaintiffs intend to rely on an agency relationship to hold PREPCO accountable for Mr. Tapp's or PEMCO's representations and conduct, they must make such allegations explicit.

Second, PREPCO's challenge to plaintiffs' repeated references to statements made and actions taken by "Defendants" is well founded.  "Rule 9(b) requires that a complaint set forth the identity of the party making the false statements, that is, which statements were allegedly made by whom." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997).  Although plaintiffs contend that Mr. Tapp acted as essentially the sole manager of all of the entity defendants during the time frame at issue, such allegations do not translate to Mr. Tapp acting on PREPCO's behalf (as its authorized agent) in every instance referenced in the Complaint.  Rather, the Complaint largely fails to specify how Mr. Tapp's statements and actions (or anyone else's) are

attributable to PREPCO.  *See, e.g.*, Compl. ¶¶ 21, 35-37, 43, 49, 59, 61.  While

plaintiffs are correct that they need not repeat relevant allegations under each claim in

their Complaint, either in their general allegations or in the context of a specific claim,

they must set forth a basis for attributing the alleged fraud to PREPCO in particular.

The Court harbors some doubt as to whether the pleading requirements of Rule

9(b) apply to each of the eight claims identified by PREPCO in its motion to dismiss.

However, because the Court intends to grant plaintiffs leave to amend their complaint

under Federal Rule of Civil Procedure 15(a) in order to address the deficiencies

identified above, a claim-by-claim analysis of plaintiffs' pleading is not necessary at this

time.  Indeed, it is the practice of this District to allow such amendments, unless the

defendant shows that amendment would be unfair or without meaningful effect.  *See*,

*e.g.*, *Lala v. Frampton*, No. 07-cv-02144-MSK-CBS, 2008 WL 4059874, *5 (D. Colo.

Aug. 28, 2008) ("Generally, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is granted

concomitantly with leave to replead under Fed. R. Civ. P. 15, unless it is apparent that

leave to amend [] the pleadings would be unduly prejudicial or futile.").

### C.  Subject Matter Jurisdiction

One issue that neither plaintiffs nor PREPCO addressed in the motion to dismiss

briefing is this Court's subject matter jurisdiction over claims between these parties.  A

federal court must assure itself of its jurisdiction over a case, even if doing so requires

*sua sponte* action.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f

the parties fail to raise the question of the existence of jurisdiction, the federal court has

the duty to raise and resolve the matter.").

Per the Complaint, subject matter jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.  Plaintiffs allege that PREPCO is "a Colorado limited liability company" and "[u]pon information and belief, the members of PREPCO are all citizens of Colorado."  Compl. ¶ 4.  Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.  *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, *2 (D. Colo. July 10, 2009) (listing cases).  Because the Court is unable to discern whether complete diversity exists as between plaintiffs and PREPCO based on the foregoing allegations, plaintiffs' amended pleading should address the citizenship of each of PREPCO's members without resorting merely to their "information and belief" as to the same.

## III.  CONCLUSION

For all of the foregoing reasons, it is

**ORDERED** that defendant Portofino Real Estate Properties Company, LLC's motion to dismiss [Docket No. 148] is GRANTED.  It is further

**ORDERED that** plaintiffs Margaret L. Yates and Todd F. Maynes shall file an Amended Complaint within 30 days of the date of this Order complying with the

provisions of Fed. R. Civ. P. 9(b).  If plaintiffs fail to do so, their claims against Portofino

Real Estate Properties Company, LLC will be dismissed.

DATED August 17, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge