IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-00324-PAB-MJW

MARGARET L. YATES and
TODD F. MAYNES,

    Plaintiffs,

v.

PORTOFINO REAL ESTATE PROPERTIES COMPANY, LLC,
THE PORTOFINO CLUB, LLC,
ROCKS AZ 1, LLC,
SUN RIVER I, LLC, and
RONALD A. TAPP,

    Defendants.
_____

## ORDER OF DISMISSAL
_____

    This matter is before the Court on plaintiffs' first amended complaint [Docket No. 173]. By order dated August 17, 2009, the Court granted plaintiffs leave to amend their complaint and pointed out that plaintiffs had failed to adequately plead the citizenship of defendant Portofino Real Estate Properties Company, LLC ("PREPCO") and, therefore, that the Court's subject matter jurisdiction over this matter had not been established [Docket No. 165]. On September 16, 2009, plaintiffs filed their first amended complaint and again failed to adequately plead the citizenship of PREPCO and certain other defendants [Docket No. 173]. Therefore, on October 26, 2010, the Court ordered plaintiffs to show cause on or before November 2, 2010 why this case should not be dismissed for lack of subject matter jurisdiction ("Order to Show Cause") [Docket No. 192].

The first amended complaint alleges that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). With respect to citizenship of the defendants, the complaint further alleges, in pertinent part, the following:

- Portofino Equity & Management Company, LLC ("PEMCO"): "The LLC members of [PEMCO] are all citizens of Colorado." Docket No. 173 at 2, ¶ 3.[1]
- PREPCO: "PREPCO's member/manager Defendant Ron Tapp and members J.D. Finley and Morris McDonald are all Colorado residents." Docket No. 173 at 2, ¶ 4. "Defendant PREPCO at the time of the filing of this suit, had Tapp, Morris McDonald and J.D. Finley as members, all of whom are citizens of Colorado." Docket No. 173 at 4, ¶ 11.
- The Portofino Club: "The Portofino Club has an affiliation with and is controlled by Tapp." Docket No. 173 at 3, ¶ 5.
- Rocks Az 1, LLC ("The Rocks"): "The members of The Rocks are all citizens of Colorado." Docket No. 173 at 3, ¶ 6.
- Sun River I, LLC ("Sun River I"): "The members of Sun River I are all citizens of Colorado." Docket No. 173 at 3, ¶ 7.
- Signature Destinations Club, LLC ("Signature Destinations"): "The members of Signature Destinations are all citizens of Colorado." Docket No. 173 at 3-4, ¶ 8.[2]
- Ronald A. Tapp: "At the time of the filing of the original Complaint, Defendant Tapp was a citizen of the State of Colorado . . . ." Docket No. 173 at 4, ¶ 9.

As the Court stated in its Order to Show Cause, in every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir.

---

[1] PEMCO has been dismissed from this action.

[2] Signature Destinations has been dismissed from this action.

2005). As the parties "invoking federal jurisdiction," plaintiffs "bear[] the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs invoke 28 U.S.C. § 1332(a)(3) as the basis for this Court's diversity jurisdiction.[3]

However, for the reasons discussed in the Order to Show Cause, the facts as presently averred do not provide sufficient information regarding the citizenship of many defendants. Specifically, by failing to identify the name of each of Portofino Real Estate Properties Company, LLC's members and their respective citizenship (as opposed to residence), plaintiffs' amended complaint fails to establish complete diversity jurisdiction. Furthermore, while the complaint alleges that Tapp, McDonald, and Finley are PREPCO members, it is unclear whether they are PREPCO's *only* members.

Plaintiffs also contend that defendants The Portofino Club, Rocks Az 1, and Sun River I "have not participated at all in this litigation and have moved or abandoned their last known addresses." Docket No. 173 at 4, ¶ 10.[4] Plaintiffs, however, sought entry of default against these defendants [Docket No. 13], which the Clerk of the Court entered on March 14, 2008 [Docket No. 16]. This Court upheld the entry of default on August 17, 2009 and granted plaintiffs leave to file a renewed motion for default judgment

---

[3]Section 1332(a)(3) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ."

[4]These three defendants did participate in this action by answering the complaint [Docket No. 32] and filing a Joinder in Defendant Ronald Tapp's Motion to Set Aside Entry of Default [Docket No. 59]. They have, however, since failed to participate and are now unrepresented.

against these defaulted parties. See Docket No. 164. But in order to resolve such a motion, the Court must have subject matter jurisdiction over this matter. The Court cannot determine if it does based on the record before it.

Despite the Court providing plaintiffs with the opportunity to remedy these deficiencies, plaintiffs have failed to respond to the Order to Show Cause. Therefore, it is

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction. Judgment shall enter in favor of defendants and against plaintiffs. It is further

**ORDERED** that defendants PREPCO's motion to dismiss [Docket No. 174] is denied as moot.

DATED November 3, 2010.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge